UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| STEVEN GARCIA, <br>   a/k/a/ STEVE GARCIA, <br><br>     Petitioner, <br><br> v. <br><br> GREGORY KIZZIAH, *Warden*, <br><br>     Respondent. | Civil No. 16-219-KKC <br><br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Steven Garcia is an inmate at the United States Penitentiary – Big Sandy, a federal prison in Inez, Kentucky. Proceeding without an attorney, Garcia filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. In Garcia's petition, he argues that the Bureau of Prisons (BOP) improperly calculated his release date by not giving him credit for time he spent in federal custody prior to his sentencing. *Id.* at 6-7.

The Court conducted an initial screening of Garcia's petition and determined that it was plainly apparent that he did not exhaust his administrative remedies before filing his petition. [R. 6]. After all, the BOP has established a four-tier Administrative Remedy Program for handling prisoner grievances, *see* 28 C.F.R. §§ 542.10-542.19, and, by Garcia's own admission, he never made it past the third step—the BOP's Regional Office—when he first pursed this matter in 2008 and 2009. [R. 1 at 2-3; R. 1-3]. As for why Garcia never filed anything with the BOP's General Counsel, *see* 28 C.F.R. § 542.15(a), Garcia stated only that he "was tripped up and time barred." [R. 1 at 3]. Therefore, the Court pointed out in its order that Garcia's petition was subject to dismissal because it was evident from the face of the petition and supporting materials that Garcia

did not exhaust his administrative remedies. [R. 6 at 2]. Nevertheless, the Court said that it wanted to hear from Garcia and, thus, it issued a show-cause order giving Garcia one month to address whether he properly exhausted his administrative remedies. [R. 6 at 3]. The Court also stated that Garcia's response should discuss whether any failure to exhaust is excused by one or more exceptions to the exhaustion requirement. [R. 6 at 3].

Garcia has now filed his response to the Court's show-cause order. [R. 9]. Garcia does not dispute the fact that he received a response from the BOP's Regional Office on February 2, 2009 and then failed to file anything with the BOP's General Counsel. [R. 9]. Instead, Garcia suggests that he could not file anything with the BOP's General Counsel because he was in a special housing unit from January 20, 2009 through the end of February 2009 and did not have access to a law library at the time. [R. 9 at 1; R. 9-1; R. 9-2].

Garcia's argument is without merit because his being placed in a special housing unit is not a valid excuse for not fully exhausting his administrative remedies. While Garcia may have wanted to conduct certain legal research, his alleged lack of access to a law library certainly did not prevent him from timely appealing his claim that the BOP improperly calculated his release date. And even if the Court gives Garcia the benefit of the doubt and accepts that he believed that he could not adequately address his claim within the 30 days that he had to file his appeal with the BOP's General Counsel, nothing prevented him from asking for an extension of time. *See* 28 C.F.R. § 542.15 (specifically stating that, when an inmate demonstrates a valid reason for a delay, the 30-day time limit may be extended). Finally, nothing prevented Garcia from trying to submit his appeal to the BOP's General Counsel shortly after the 30-day time limit expired and explaining the alleged reason for his untimely filing. Instead of taking any of the foregoing steps, Garcia waited over seven years and then filed his § 2241 petition in this case. That is not proper.

Accordingly, **IT IS ORDERED** that:

1. Garcia's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Order.

Dated June 29, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY